IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TITO E. MERRERO,<br>　　　Plaintiff,<br><br>v.<br><br>FARMERS BRANCH<br>PROSECUTORS, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-cv-02166-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tito E. Marrero seeks leave to proceed *in forma pauperis* in this *pro se* civil action. For the reasons stated, the Court should deny Marrero's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice, unless he pays the $405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action *in forma pauperis* (IFP)—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The purpose of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether

the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016).

In this case, Marrero filed a financial affidavit in support of his request to proceed IFP stating he is "not rich" and does "not have any mone to waist [sic]." ECF No. 4 at 5. But his opinions about his personal wealth and the best uses for his money are not relevant to the Court's inquiry. Instead, the Court looks to Marrero's financial affidavit which reveals that he receives $4,300.00 a month from a pension and has $10,800.00 saved in checking accounts. *Id.* at 1-2. He also claims $4,240.00 per month in expenses. Between his pension and money saved in his checking accounts, Marrero has ample funds to pay the filing fee even considering his expenses. *See, e.g.*, *Lintz v. Donahoe,* 2014 WL 1338782, at *1 (E.D. Cal. Apr. 2, 2014) (denying motion to proceed IFP although plaintiff's expenses exceeded income because "plaintiff [had] $3,000 in cash or in a checking or savings account"). Based on the information provided, the Court should find that Marrero has failed to show that payment of the filing fee would cause him undue financial hardship and deny his request to proceed IFP.

## Recommendation

The Court should DENY Marrero's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice unless he pays the

$405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

Signed September 3, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).