IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TITO E. MARRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-02166-K-BT |
| | § | |
| FARMERS BRANCH | § | |
| PROSECUTORS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* civil action, Defendants filed a motion seeking dismissal of Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted (ECF No. 23). For the reasons set forth below, the District Judge should GRANT the motion (ECF No. 23) and DISMISS Plaintiff's claims without prejudice under Federal Rule of Procedure 12(b)(1).

**Background**

Marrero, proceeding *pro se*, initiated this civil action against the "Farmers Branch Prosecutors" and the "Farmers Branch Police Department" on August 23, 2024 (ECF No. 3) and filed an Amended Complaint on November 20, 2024, adding "the Farmers Branch Municipal Judge and their municipal jailer" as Defendants. Am. Compl. 1 (ECF No. 11).

Marrero describes his Amended Complaint (ECF No. 11) as a "civil rights conspiracy complaint." *See id.* at 2. As best the Court can discern, this case arises

1

out of Marrero's arrest and subsequent detainment by Farmers Branch police. Marrero alleges that after the police pulled him over for a traffic infraction, he was "subjected to another false arrest" and "put in jail for two days," and that the unnamed judge and jailer "attempted to steal and sell [his] $2,700 [] earring"—as part of this alleged "civil rights conspiracy." *Id.* at 1–2. Marrero further alleges that the unnamed judge and jailer subjected him to "due process and equal protection violations" and that Dallas City Police stole his complaint. *Id.* He also alleges that all the unnamed defendants "use[d] their official capacity duties in a bad faith manner prohibited by [18 U.S.C.] Section[s] 241 and 242." *Id.* at 2–3. Marrero attaches emails sent to the Dallas Police Department and a hired process server, where he states he intends to file "several lawsuits, one of which will be a Title 42 Section 1983 civil rights conspiracy lawsuit using the Title 42 Section 1985(3) Section 1986 Failure to Prevent Civil Rights Conspiracy [sic]." *Id.* at 7.

  In accordance with the Court's duty to liberally construing *pro se* pleadings, the undersigned concludes that the Amended Complaint does not totally supersede the Original Complaint but instead incorporates it by reference. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Marrero's Amended Complaint states that it is "being filed for the same reasons stated in the previous complaint" and "the facts in the Original Complaint [] are still true and accurate." Am. Compl. 2.

Marrero's Original Complaint is titled "Federal Tort Act Civil Rights Violations, Including Theft and Human Trafficking by DHS." *See generally* Original Compl. (ECF No. 3). It accuses the Farmers Branch Police Department and Farmers Branch Prosecutor's Office of conspiracy, false arrests and imprisonment, civil rights violations related to a traffic ticket, and allegations that the FBI illegally intercepts Marrero's private phone calls. *Id.* at 1–3. Marrero alleges that his attempts to secure legal aid are unsuccessful because the attorneys "are all convinced by the FBI to ignore [his] cases and claims so the FBI and many Israeli agents can continue to poison [him] in the motel rooms that [he] is forced to live in." *Id.* at 2. Marrero alleges that, as part of the alleged conspiracy, Farmers Branch police stole his "$40,000 vehicle to tamper with it without probable cause to do so," after which he was "forced to pay towing fees and a personal bond to be released from jail," "forced to walk home 7 miles in show[er] shoes, which is very unreasonable in light and the backdrop of the 8th Amendment prohibits [sic]." *Id.* at 3. Marrero attaches several motions to the Original Complaint, including a "Motion to Notify Prosecutor of Witnesses Needed for Trial 13th Aug." and a "Notice to the Court that Withdrawal of No Contest Plea is Being Requested, Jury Trial Demanded." *Id.* at 4, 11.

On December 23, 2024, Defendants collectively filed a motion to dismiss Marrero's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 23). First, Defendants argue that the Farmers Branch Police Department and Prosecutor's Office are "merely divisions of the City and are not

3

jural entities" so "they are not subject to a lawsuit." Mot. 7. Second, Defendants argue that Marrero's claims are facially frivolous and fail to invoke the Court's subject matter jurisdiction. *Id.* at 8–9. Lastly, Defendants argue that the Court is "not required to accept as true [Marrero]'s delusional conclusions about events" and Marrero provides no factual information or context to support his conclusions to survive a motion to dismiss for failure to state a claim. *Id.* at 10–16.

Marrero subsequently filed two documents (ECF No. 24 and 25), which do not substantively respond to the Defendants' arguments in the motion to dismiss, but Defendants construed as Marrero's Response. *See* Reply 2 (ECF No. 26). Defendants filed their Reply, and the motion to dismiss is ripe for determination.

**Legal Standards**

1. <u>Lack of Subject Matter Jurisdiction under Rule 12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

4

The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.*

Lack of subject matter jurisdiction may be found by looking at (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

2. <u>Failure to State a Claim under Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic

5

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.") (citing *Spivey*, 197 F.3d 772, 774 (5th Cir. 1999)), *aff'd*, 824 F. App'x 210 (5th Cir. 2020).

## Analysis

Though there is no "jurisdictional hierarchy," a federal court customarily "first resolves its doubts about its jurisdiction over the subject matter." *Ruhgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Absent good reason to do otherwise, when faced with motions to dismiss under both 12(b)(1) and 12(b)(6), the Court "should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, the Court first considers Defendants' arguments for dismissal under 12(b)(1).

"When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *Dilworth v. Dallas Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *see Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (explaining that under Rule 12(b)(1), federal courts lack jurisdiction over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Griffin v. Furlow*, 2023 WL 3604735, at *3 (N.D. Tex. Apr. 26, 2023) (citing cases), *adopted by*, 2023 WL 3611448 (N.D. Tex. May 23, 2023). Further, complaints that are comprised of "fanciful claims" and "bizarre conspiracy theories" are generally subject to dismissal for lack of subject matter jurisdiction. *Bestor v. Lieberman*, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). "Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the

7

last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981). So "[w]hen litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly." *Id.*

Here, the Court finds Marrero's complaint factually frivolous, lacking any arguable basis, in either fact or law, for the harm alleged. Marrero's allegations center on theories that a conspiracy existed among various departments and officials in the City of Farmers Branch, the FBI, Israeli agents, private process servers, the Dallas Police, and a municipal judge and jailer, who all conspired to manufacture a red light infraction, arrest and detain Marrero without probable cause, steal one singular earring, tamper with his personal vehicle, poison him in his motel rooms, and prevent him from securing legal representation.

Marrero's fantastical ramblings lack sufficient specific factual support, particularly any named or identifiable individuals who committed these alleged acts. *See, e.g., Isom v. U.S. Dep't of Homeland Sec.*, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021) (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [constituted] truly fanciful factual allegations [and] warrant[ed] dismissal" for lack of subject matter jurisdiction) (internal quotation marks omitted), *adopted by* 2021 WL 2224345

(E.D. Tex. June 2, 2021); *see also Ahrens v. City of Yorktown*, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal of plaintiff's claims under Rule 12(b)(1) where plaintiff alleged that various governments and agencies had "brain raped her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning, sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret fraudulent guardianship") (internal quotation marks omitted), *adopted by*, 2016 WL 10950436 (W.D. Tex. July 19, 2016); *see also Roam v. Bush*, 461 F. Supp. 2d 40, 47 (D.D.C. 2006) (explaining plaintiff's allegations are "precisely the type of inherently unrealistic allegations that must be dismissed for lack of jurisdiction" where plaintiff alleged that, as a result of a dispute between himself and an insurance company after an auto collision, the FBI and CIA use lethal chemicals against him, doctors implanted a wiretap in his body, and the FBI enters his apartment and puts chemicals on his belongings in an attempt to secretly murder him).

"Where both [12(b)(1) and 12(b)(6)] grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (citing C. Wright & A. Miller, Fed. Prac. & Proc.: Civil s 1350 (1971)). Accordingly, the Court

declines to address the merits of the case and Marrero's claims should be dismissed without prejudice under Rule 12(b)(1).[1]

## Recommendation

The District Judge should GRANT Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and DISMISS without prejudice Marrero's claims.

**SO RECOMMENDED**.

May 8, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] *See Isom*, 2021 WL 2232052, at *3 n.5 (explaining that although courts have previously dismissed complaints with prejudice when the plaintiff asserts delusion claims of conspiracy, "the Fifth Circuit [as of 2021] made clear, albeit not in the context of the assertion of delusional or fanciful claims, that a dismissal for lack of subject matter jurisdiction must be made without prejudice" and recommending "out of an abundance of caution" that the case be dismissed without prejudice) (citing cases).